OPINION OF THE COURT
FUENTES, Circuit Judge.
David George Husmann placed various images of child pornography in a shared computer folder connected to a file sharing network. Based on that conduct, a jury convicted him of three counts of distributing child pornography. At trial, the government did not present evidence that any person had actually downloaded or obtained the materials that Husmann made available. The issue we address is whether the mere act of placing child pornography materials in a shared computer folder, available to other users of a file sharing network, constitutes distribution of child pornography. We conclude it does not. A conviction for distributing child pornography cannot be sustained without evidence that another person actually downloaded or obtained the images stored in the shared folder. Accordingly, we vacate Husmann’s conviction under 18 U.S.C. § 2252(a)(2) and remand for resentencing.
I.
A.
While Husmann was on supervised release for a child pornography conviction, the U.S. Probation Office received a software alert indicating that his computer had accessed pornographic websites and *171 images. In response to the alert, U.S. Probation Officer Stephen Carmichael visited Husmann’s residence. Carmichael found Husmann in the act of viewing a still image of a young girl between six and eight years old posed in a bathing suit. Carmichael thought this image originated from a flash drive in the USB port of Husmann’s DVD player. Carmichael seized that drive and three other flash drives.
Carmichael found pornographic images on the flash drives and referred the case to the FBI for investigation. After obtaining a search warrant, FBI agents searched Husmann’s home. They seized several computers and computer-related items. They also questioned Husmann, who admitted to downloading, saving, and viewing all of the images stored on the flash drives that Carmichael had seized over a month earlier.
FBI Agent Donald Price subsequently reviewed the evidence seized from Hus-mann’s home. He found over 4,000 images of child erotica. Of these images, the government identified approximately 65 still images and one hour-long movie as child pornography. Price also found two file sharing programs installed on Husmann’s computer, LimeWire and 360 Share Pro.
File sharing programs, also known as peer-to-peer file sharing programs, enable computer users to share and receive electronic files, including images, videos, and audio files, with a network of other users. To exchange files, users’ computers communicate directly with each other, rather than through central servers. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 919-20, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005). Program users can search for files made available by other users, browse files made available by a specific user, and download files. See United States v. Chiaradio, 684 F.3d 265, 271 (1st Cir.2012) (discussing the features of file sharing programs). Program users can also make their files accessible to others by placing their files in a designated folder that is available to the network of program users. See id. Since communications take place between computers connected to the file sharing network and do not travel through a central server, see Metro-Goldwyn-Mayer Studios, 545 U.S. at 920, 125 S.Ct. 2764, placing files into a shared folder does not automatically transmit them to another computer; shared files do not leave a user’s computer until another program user actually downloads them.
360 Share Pro maintains an extensive log file that details what materials a user has made available for sharing. Agent Price’s review of the log file in this case revealed that child pornography files were placed in a shared folder on 360 Share Pro, allowing others access to the files on several dates. However, Price could not identify when these files were loaded to the shared folder nor could he determine if the files were “ever downloaded to another machine.” App. 202.
B.
Following the government’s investigation, a federal grand jury returned a seven-count indictment. Counts One through Three alleged that Husmann knowingly distributed child pornography, in violation of 18 U.S.C. § 2252(a)(2). Counts Four through Six alleged that Husmann knowingly received child pornography, in violation of 18 U.S.C. § 2252(a)(2). Finally, Count Seven alleged that Husmann knowingly possessed child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).
The case proceeded to trial. On the first day of trial, the government voluntarily dismissed Counts Four through Six, *172 which charged Husmann with knowingly receiving child pornography. At the close of the government’s case, Husmann moved to dismiss the remaining charges pursuant to Rule 29 of the Federal Rules of Criminal Procedure. He argued that the government’s evidence was insufficient to establish that he was the person who uploaded the files in question, since the four other people who lived with him had easy access to the computer and flash drive at issue. The District Court denied the motion and called for the defense’s case. Thereafter, the jury found Hus-mann guilty of three counts of distribution and one count of possession of child pornography.
Before sentencing, the Probation Department submitted a Presentence Investigation Report (“PSR”), which identified Husmann’s base offense level as 22. The PSR proposed several enhancements under § 2G2.2 of the Sentencing Guidelines and calculated Husmann’s Adjusted Offense Level as 37. The report stated that, based on an offense level of 37 and a criminal history category of III, Hus-mann’s guideline sentence ranged from 262 to 327 months. The government later filed a sentencing memorandum. The government agreed with virtually all of the enhancements proposed by Probation except that it recommended a two-level, instead of four-level, enhancement for the number of child pornography images in Husmann’s inventory.
The District Court subsequently conducted a sentencing hearing. The Court declined to apply a two-level enhancement under U.S.S.G. § 2G2.2(b)(6) for the use of a computer, since virtually all child pornography offenders use computers. Additionally, the District Court adopted the government’s proposal to apply a two-level enhancement for the number of child pornography images in Husmann’s collection. After imposing the other enhancements, Husmann’s total offense level became 33, with a corresponding guideline range of 168-210 months. Ultimately, the District Court sentenced Husmann to a 240-month term of incarceration on each count, to be served concurrently. Husmann appealed.[1]
II.
This appeal turns on an issue of statutory construction, namely whether placing child pornography materials in a shared folder available to other users of a file sharing network constitutes “distribution” within the meaning of 18 U.S.C. § 2252(a)(2). Husmann argues that the District Court erred in denying his Rule 29 motion for acquittal with respect to the distribution counts because the government presented no evidence that anyone accessed, viewed, or downloaded files from his shared folder. He asserts that placing child pornography in a shared folder, without anything more, does not amount to distribution under § 2252(a)(2). The government, on the other hand, contends that “ ‘distribution’ within the meaning of the statute should be defined as encompassing the act of sharing a file on a file sharing service, by making it available to all other users.” Gov’t Br. 20.
Husmann also argues that the District Court committed several errors at sentencing. He claims that the District Court erred when it identified his prior conviction for possession of child pornography as a predicate offense for a five-level sentencing enhancement. Additionally, he argues that the District Court’s imposition of a *173 240-month term of imprisonment was procedurally and substantively unreasonable.[2]
A.
Turning to Husmann’s statute of conviction, 18 U.S.C. § 2252(a)(2) provides that:
Any person who ... (2) knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce ... by any means including by computer ... if — (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct ... shall be punished as provided in subsection (b) of this section.
Because the statute does not define the term “distribute,” “we construe it in accordance with its ordinary meaning.” See Octane Fitness, LLC v. ICON Health & Fitness, Inc., — U.S. —, 134 S.Ct. 1749, 1756, 188 L.Ed.2d 816 (2014) (quotation marks and brackets omitted). We look to dictionary definitions to determine the ordinary meaning of a word. See United States v. Geiser, 527 F.3d 288, 294 (3d Cir.2008). It is well settled, however, that a “word must not be read in isolation but instead defined by reference to its statutory context.” Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 234, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008). After all, “[a] word in a statute may or may not extend to the outer limits of its definitional possibilities. Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis.” Dolan v. U.S. Postal Serv., 546 U.S. 481, 486, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006). Therefore, to determine the meaning of “distribute” in § 2252(a)(2), we consider definitions of the term, the statutory context, and the case law.
Black’s Law Dictionary defines “distribute” as: “[t]o apportion; to divide among several” and “[t]o deliver.” Black’s Law Dictionary 487 (9th ed.2009). Merriam-Webster provides the following definitions, among others, for the term “distribute”: “to divide among several or many” and “to give out or deliver especially to members of a group.” See Distribute Definition, Merriam-Webster Dictionary, available at http://www.merriam-webster.com/dictionary/distribute. We find additional guidance in the definition of “distribute” set forth in the controlled substances context. Under the Model Criminal Jury Instructions for the Third Circuit, to distribute a controlled substance means “(to deliver or to transfer) possession or control of a controlled substance from one person to another.” Model Criminal Jury Instructions for the Third Circuit § 6.21.841-2 (2014); see also *174 21 U.S.C. § 802(11) (providing that “ ‘distribute’ means to deliver” for purposes of drug offenses).
The statutory context confirms that “distribute” in § 2252(a)(2) means to apportion, give out, or deliver and that distribution necessarily involves the transfer of materials to another person. Significantly, Congress legislated specific prohibitions against offering and promoting child pornography within the same statutory scheme as it prohibited distributing child pornography. See 18 U.S.C. § 2251(d)(1)(A) (prohibiting offers to distribute child pornography); 18 U.S.C. § 2252A(a)(3)(B) (prohibiting the advertisement and promotion of child pornography); see also United States v. Sewell, 513 F.3d 820, 822 (8th Cir.2008) (holding that placing images of child pornography in a shared folder on a peer-to-peer file sharing program was “clearly an offer to distribute the file,” in violation of 18 U.S.C. § 2251(d)(1)(A)). Congress also penalized the attempted distribution of child pornography through specific statutory provisions. See 18 U.S.C. §§ 2252(b)(1), 2252A(b)(l). Because Congress has separately criminalized offering, promoting, and attempting to distribute child pornography, a broad definition of the term “distribute” would create unnecessary surplus-age. To give effect to the entire statutory scheme, “distribute” must require the transfer of possession of child pornography to another person.
The decisions of our sister circuits provide support for our construction of the term “distribute.”[3] Several circuits have made clear that distribution occurs when pornographic materials are actually transferred to or downloaded by another person. The Ninth Circuit in United States v. Budziak held that “the evidence is sufficient to support a conviction for distribution under 18 U.S.C. § 2252(a)(2) when it shows that the defendant maintained child pornography in a shared folder, knew that doing so would allow others to download it, and another person actually downloaded it.” 697 F.3d 1105, 1109 (9th Cir.2012). Similarly, the First Circuit in Chiaradio explained that distribution occurs “[w]hen an individual consciously makes files available for others to take and those files are in fact taken.” 684 F.3d at 282 (emphasis added); see also United States v. Shaffer, 472 F.3d 1219, 1223 (10th Cir.2007) (“We have little difficulty in concluding that [the defendant] distributed child pornography in the sense of having ‘delivered,’ ‘transferred,’ ‘dispersed,’ or ‘dispensed’ it to others.”).
Moreover, numerous courts have noted the fact of a file transfer or download when affirming child pornography distribution convictions under § 2252. See, e.g., United States v. Richardson, 713 F.3d 232, 236 (5th Cir.2013) (upholding a distribution conviction where a law enforcement officer “actually downloaded” a child pornography video stored in the defendant’s shared folder); Budziak, 697 F.3d at 1109 (affirming a distribution conviction, where FBI “agents actually downloaded shared files containing child pornography from an IP address registered to” the defendant); Chiaradio, 684 F.3d at 282 (upholding a distribution conviction because a “rational jury could conclude ... that the defendant intentionally made his files available for the taking and that [the agent] simply took him up on his offer”); Shaffer, 472 F.3d at 1224 (affirming a conviction for distribution of child pornography based, in part, on the fact that an agent was able to *175 download child pornography from the defendant’s shared folder); see also United States v. Abraham, No. 05-344, 2006 WL 3052702, at *8 (W.D.Pa. Oct. 19, 2006) (holding that “the defendant distributed a visual depiction when as a result of the defendant’s installation of an internet peer-to-peer video file sharing program on his computer, a Pennsylvania state trooper was able to download the child pornography from the defendant’s computer to the trooper’s computer”).
The dissent contends that we have “mis-sapplie[d] the need for a download to create distribution, where other factual bases have greater merit in interpreting the definition.” Dissent Op. at 182. Yet no such ranking system is evident within decisions addressing child pornography distribution convictions. Additionally, the dissent quotes from Shaffer and other cases to suggest that merely making files accessible to others is sufficient to constitute distribution of child pornography. That is not so. In Shaffer, it was undisputed that the defendant’s child pornography had been downloaded by other individuals, but the defendant argued that he was not guilty of distribution because he did not take any affirmative steps to transfer possession of those materials. The Tenth Circuit in Shaffer rejected the defendant’s argument, explaining that the defendant “distributed child pornography in the sense of having ‘delivered,’ ‘transferred,’ ‘dispersed,’ or ‘dispensed’ it to others” because he “freely allowed [agents] access to his computerized stash of images and videos” and an agent “had no trouble whatsoever picking and choosing for download images and videos from [the defendant’s] child pornography collection.” 472 F.3d at 1223-24. To be clear, no circuit has held that a defendant can be convicted of distribution under § 2252 in the absence of a download or transfer of materials by another person.
Notably, military courts interpreting § 2252 have held that the term “distribute” requires evidence of an actual download or transfer of materials. See United States v. Gorski 71 M.J. 729, 734 (A.Ct. Crim.App.2012) (“[Distribution of child pornography files requires the files to have been transferred or delivered to the possession of another via peer-to-peer file-sharing software programs.” (emphasis added)); United States v. Craig, 67 M.J. 742, 746 (N.M.Ct.Crim.App.2011) (declining “to include incomplete transfers of possession within the meaning of ‘distribute’ as it relates to child pornography”). In Gorski and Craig, the courts rejected the defendants’ guilty pleas to distribution of child pornography because there was no evidence that another person actually downloaded the materials at issue. See Gorski 71 M.J. at 736 (rejecting the guilty plea to distribution because the defendant’s “actions in merely making files available for download via peer-to-peer file-sharing software programs cannot amount to distribution as a matter of law”); Craig, 67 M.J. at 746 (holding that the guilty plea was “improvident because it [wa]s supported only by facts that the images and videos were made available” and there was no evidence of “a completed transfer of possession of the contraband”).
B.
The government argues that the meaning of the term “distribute” in § 2252(a)(2) should track the definition of “distribution” set forth in the Guidelines Manual for purposes of the distribution enhancement under U.S.S.G. § 2G2.2(b)(3). However, the definition of “distribution” under the Sentencing Guidelines has no bearing on the meaning of the term in § 2252. As the Tenth Circuit has held, “the statutory term has a distinct meaning and is not as *176 broad as the same term under § 2G2.2(b)(3).” United States v. Ramos, 695 F.3d 1035, 1044 (10th Cir.2012). “Distribution” under § 2G2.2(b)(3) extends to such acts as “possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor.” U.S. Sentencing Guidelines Manual § 2G2.2 app. n. 1. In fact, “any act ... related to the transfer of material involving the sexual exploitation of a minor” qualifies as “distribution” under § 2G2.2(b)(3). Id. (emphasis added). Defendants can be subject to the distribution enhancement even if they are not convicted of distributing child pornography, since the enhancement applies to anyone convicted under 18 U.S.C. §§ 1466A, 2252, 2252A(a)-(b), and 2260(b). See U.S. Sentencing Guidelines Manual § 2G2.2 cmt. (listing the applicable statutory provisions); see also United States v. Vallejos, 742 F.3d 902, 908 (9th Cir.2014) (holding that the district court properly applied a distribution enhancement to a defendant convicted of receipt of material involving the sexual exploitation of minors); United States v. Layton, 564 F.3d 330, 335 (4th Cir.2009) (upholding the application of a distribution enhancement to a defendant convicted of possession of child pornography). While several circuits have held that merely placing child pornography in a shared folder on a file sharing network warrants application of a distribution enhancement, no circuit has relied on the Sentencing Guidelines definition of “distribution” to interpret the meaning of the term in § 2252(a)(2). Because “distribute” in § 2252(a)(2) is narrower than the same term in § 2G2.2(b)(3), we decline to adopt the definition of “distribution” laid out in the Sentencing Guidelines.
Based on the ordinary meaning of the word “distribute,” the other statutory provisions criminalizing child pornography offenses, and the decisions of our sister circuits, we hold that the term “distribute” in § 2252(a)(2) requires evidence that a defendant’s child pornography materials were completely transferred to or downloaded by another person. Of course, knowingly placing child pornography in a shared folder on a file sharing network remains a criminal offense. See, e.g., 18 U.S.C. § 2251(d)(1)(A) (prohibiting offers to distribute child pornography); 18 U.S.C. § 2252(b)(1) (prohibiting attempted distribution). It just isn’t distribution. In the end, our interpretation of “distribute” in § 2252(a)(2) might affect the government’s charging decisions, but it does not handicap the government’s ability to prosecute child pornography offenses.
C.
In this case, the government did not introduce evidence that anyone downloaded child pornography materials from Husmann’s shared folder. Price testified that a document entitled 7yayaohno63” and several other files containing child pornography were successfully loaded to a shared folder on 360 Share Pro. However, neither he nor any other witness testified that another person actually downloaded those files. To the contrary, Price testified that he could not verify when Hus-mann’s materials were placed within a shared folder nor could he determine if the documents were “ever downloaded to another machine.” App. 202.
Because distribution requires a download or transfer of materials and because the government did not present evidence that Husmann distributed child pornography within the meaning of § 2252(a)(2), the District Court erred in denying Hus-mann’s motion for acquittal.
*177 III.
The government argues that, even if the District Court committed an error, it did not amount to plain error. An error is not “plain” if it is not “clear under current law.” United States v. Clark, 237 F.3d 293, 297 (3d Cir.2001). To date, the Third Circuit has not ruled on the meaning of the term “distribute” for purposes of § 2252(a)(2). Moreover, it does not appear that any Article III court has addressed the precise question of whether “distribution” occurs without evidence of a download or transfer of materials. Yet the lack of ease law on this specific question does not doom Husmann’s appeal, since “[n]either the absence of circuit precedent nor the lack of consideration of the issue by another court prevents the clearly erroneous application of statutory law from being plain error.” See United States v. Evans, 155 F.3d 245, 252 (3d Cir.1998).
The ordinary meaning of the word “distribute” is to apportion, deliver, or give out; the overall statutory scheme reveals that the term cannot encompass offers and attempts to distribute; and appellate case law indicates that distribution under § 2252(a)(2) requires evidence that child pornography materials are actually downloaded by or completely transferred to another person. Taken together, the District Court’s error was “clear under current law.” See Clark, 237 F.3d at 297.
Furthermore, the error affected Hus-mann’s substantial rights. Had the District Court granted Husmann’s Rule 29 motion for acquittal as to the distribution counts in the indictment, Husmann not only would have been acquitted on the three counts of distribution, but he would have been subject to a lower base offense level and a reduced guideline range. A conviction under 18 U.S.C. § 2252(a)(2) carries a base offense level of 22. See U.S.S.G. § 2G2.2(a)(2). By contrast, Hus-mann’s remaining conviction for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4), carries a base offense level of 18. See U.S.S.G. § 2G2.2(a)(l).
Accordingly, we conclude that the District Court committed plain error in denying Husmann’s Rule 29 motion. Because “imposing a sentence not authorized by law seriously affects the fairness, integrity, and reputation of the proceedings,” we exercise our discretion and vacate Hus-mann’s conviction for distributing child pornography. See Evans, 155 F.3d at 252. We remand to the District Court for re-sentencing with respect to Husmann’s remaining conviction for possession of child pornography. Therefore, we do not reach Husmann’s challenges to his sentence.
IV.
A jury convicted Husmann of distributing child pornography pursuant to § 2252(a)(2). Yet the government did not present evidence that Husmann’s attempts to distribute child pornography ever succeeded. Because distribution requires a download or transfer of materials, we conclude that the District Court committed plain error in denying Husmann’s motion for acquittal. Therefore, we vacate his conviction under § 2252(a)(2) and remand for resentencing.

. The District Court had subject matter jurisdiction over this case under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

. Federal Rule of Criminal Procedure 29(a) provides that "the court on the defendant’s motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.” Fed.R.Crim.P. 29(a). Before the District Court, Husmann did not present a legal argument regarding the meaning of "distribute” in § 2252(a)(2). Therefore, we exercise plain error review. See Puckett v. United States, 556 U.S. 129, 134-35, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). To establish plain error, an appellant must demonstrate that: "(1) there was an error; (2) the error is clear or obvious; and (3) the error affected the appellant’s substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings.” United States v. Andrews, 681 F.3d 509, 517 (3d Cir.2012) (quotation marks omitted). If these three conditions are satisfied, "an appellate court may then exercise its discretion to notice a forfeited error, but only if ... the error seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings.” Id. (alterations in original) (quoting Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).

. Cases addressing child pornography distribution convictions arise under 18 U.S.C. § 2252(a)(2) as well as 18 U.S.C. § 2252A(a). Both provisions prohibit the distribution of child pornography and are materially the same for purposes of the issue before us.