**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2008
_____

UNITED STATES OF AMERICA

v.

STEPHEN PUZA, III,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(3-13-cr-00192-001)
District Judge: Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 13, 2015

Before: AMBRO, FUENTES, and ROTH, *Circuit Judges*

(Filed:  February 12, 2015)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, *Circuit Judge*:

Stephen Puza created a secret folder linked to a file-sharing service on his girlfriend's computer. The folder contained a trove of child pornography. When his girlfriend discovered it, she reported Puza to police. Puza was thereafter charged in the Middle District of Pennsylvania on a single count indictment that he "did knowingly and willfully receive and distribute [child pornography] in violation of 28 U.S.C. § 2252(a)(2)." The District Court accepted Puza's guilty plea on October 29, 2013 after a full Rule 11 colloquy. The District Court sentenced Puza to 188 months in prison, the bottom of a calculated Guidelines range that included the § 2G2.2(b)(3) enhancement for possession of child pornography with intent to distribute.[1]

On appeal, Puza argues that an intervening decision of our court, *United States v. Husmann*, 765 F.3d 169 (3d Cir. 2014), makes clear that he pled guilty to a crime he did not commit.[2] Section 2252(a)(2) makes it illegal to "knowingly receive[], or distribute[], any visual depiction using any means or facility of interstate commerce . . . if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct, and (ii) such visual depiction is of such conduct." In *Husmann* we held that "the term 'distribute' in § 2252(a) . . . requires evidence that a defendant's child

---

[1] Puza does not challenge the application of the Sentencing Guidelines § 2G2.2(b)(3) enhancement for possession of child pornography with intent to distribute.

[2] Puza originally asserted this argument in a pro se letter filed with the court on September 10, 2014. On August 4, 2014, his counsel submitted an *Anders* brief seeking to cease representation in a meritless appeal. Our decision in *Husmann* was filed on September 4, 2014. Counsel withdrew the *Anders* petition after we asked for

2

pornography materials were completely transferred to or downloaded by another person." *Husmann*, 765 F.3d at 176. Husmann had placed child pornography materials in a shared folder accessible to others, but the government lacked evidence that third parties actually downloaded the materials he made available. Finding no basis for a finding of "distribution," we vacated Husmann's conviction under § 2252(a)(2), which was based on his alleged "distribution" only. According to Puza, he never activated the function on his computer permitting his child pornography to be shared with third parties, and so never even made his materials available. Citing *Husmann*, he contends it is not possible that he "distribute[d]" his child pornography within the meaning of § 2252(a)(2), and thus the District Court should not have accepted his plea.

To Puza's point, when the government described its evidence against him at the guilty plea hearing, it did not describe any evidence that would have allowed a factfinder to conclude that Puza's images were transferred to or downloaded by one or more third parties. This does not, however, entitle Puza to relief. Puza, unlike Husmann, was also charged with violating § 2252(a)(2) based on receiving child pornography. As the statutory text and our precedent make clear, receipt is sufficient for a conviction under § 2252(a)(2). *See United States v. Finley*, 726 F.3d 483, 496 (3d Cir. 2013) *cert. denied*, 135 S. Ct. 259 (2014) ("Section 2252(a)(2) does not create distinct offenses for 'receiv[ing]' and 'distribut[ing] child pornography."). *See also Husmann*, 765 F.3d at 176 ("In the end, our interpretation of "distribute" in § 2252(a)(2) might affect the

supplemental briefings on the import of *Husmann*.

3

government's charging decisions, but it does not handicap the government's ability to prosecute child pornography offenses."). Puza pled guilty and admitted to the conduct of receipt in his plea agreement and at his plea colloquy, and does not dispute now that he received child pornography. Irrespective of whether Puza violated § 2252(a)(2) by distributing child pornography, there is no question that he violated § 2252(a)(2) by receiving child pornography.

The District Court had adequate factual basis to accept Puza's plea to a violation of §2252(a)(2). *See United States v. Lessner*, 498 F.3d 185, 197 (3d Cir. 2007) (to comport with Rule 11 requirement that there is a factual basis of the plea, the District Court must "find sufficient evidence in the record as a whole to justify a conclusion of guilt"). We will therefore affirm.