**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1835
_____

UNITED STATES OF AMERICA

v.

DAVID GEORGE HUSMANN,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 5-12-cr-00141-001)
District Judge: Hon. Lawrence F. Stengal
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2016
_____

Before: GREENAWAY JR., VANASKIE, and SHWARTZ, *Circuit Judges*.

(Opinion Filed:  May 23, 2016)
_____

OPINION*
_____

VANASKIE, *Circuit Judge*.

At issue in this case is whether the District Court committed plain error in its

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

application of the United States Sentencing Guidelines ("Guidelines") or an abuse of discretion in its decision to impose a sentence above the advisory Guidelines range. Because the District Court appropriately applied the Guidelines to the facts of the defendant's case and reasonably considered the totality of the circumstances in deciding to impose an above-Guidelines sentence, we will affirm.

## I.

Appellant David Husmann was on supervised release as part of his sentence for possession of child pornography when the probation office received an alert that he had accessed pornographic websites or images. An unannounced visit to Husmann's residence by a probation officer resulted in the seizure of a thumb drive that had been inserted into the Blu-ray player that Husmann was using when the probation officer entered his bedroom. A cursory examination of the flash drive revealed not only child erotica that Husmann was viewing when the probation officer entered his residence, but also images of child pornography. The Government then obtained a search warrant for both the flash drive and the computer equipment at his home. Forensic examination of the digital devices revealed thousands of images of child erotica, 65 images of child pornography, and one video depicting child pornography.

Husmann was indicted on three counts of knowingly distributing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2); three counts of knowingly receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2); and one count of knowingly

2

possessing computer thumb drives containing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). The charges for receiving visual depictions of child pornography were dropped on the first day of trial and Husmann was found guilty by a jury on all remaining counts. He was sentenced to 240 months of incarceration. On appeal, this Court dismissed Husmann's convictions for distribution because there was no evidence that anyone had viewed or downloaded the images that Husmann had uploaded to a peer-to-peer file-sharing program. *United States v. Husmann,* 765 F.3d 169, 177 (3d Cir. 2014). As such, the only conviction that remained was for possession of the thumb drive containing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Consequently, the matter was remanded for resentencing.

The District Court conducted a new sentencing hearing on April 2, 2015. It determined that the base offense level for a conviction under § 2252(a)(4) is 18 under U.S.S.G. § 2G2.2(a)(1). The District Court then determined that Husmann had an adjusted offense level of 29 after adding the following sentence enhancements: (1) a two-level increase under § 2G2.2(b)(2) because "the material involved a prepubescent minor or a minor who had not attained the age of 12 years;" (2) a two-level increase under § 2G2.2(b)(3)(F) because the offense involved "distribution;"[1] (3) a two-level increase under § 2G2.2(b)(7)(A) because the offense involved "at least 10 images, but fewer than

---

[1] The District Court applied this enhancement after it concluded that our earlier opinion only narrowed the definition of "distribution" for purposes of conviction and did not apply to application of sentencing enhancements.

150;" and (4) a five-level increase under § 2G2.2(b)(5) because "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor" as shown by prior convictions.[2] The District Court found that Husmann was in criminal history category III, giving him a Guidelines range of 120 to 135 months after taking the statutory mandatory minimum sentence of 120 months into account. 18 U.S.C. § 2252(a)(4)(B).

The District Court ultimately imposed an above-Guidelines sentence of 180 months in prison. It noted that it considered many factors in deviating from the Guidelines, including Husmann's prior convictions for indecent assault of two minors, a conviction for cruelty to animals, a conviction for failure to register as a sex offender, a prior federal conviction for possession of child pornography for which he had been sentenced to 51 months in prison, as well as the fact that Husmann was on supervised release when he committed this offense and continued to look at child pornography even after the probation officer seized the thumb drive from him. The District Court further noted that in the trial for this crime, Husmann lied about when and why he first became interested in child pornography. The District Court concluded that Husmann had shown "a consistent lack of respect for the law, lack of respect for the requirements of probation

---

[2] According to the Revised Presentence Investigation Report, this enhancement was attributed to Husmann's 1996 conviction for indecent assault and corruption of the morals of a minor and his 2004 conviction for child pornography. Husmann did not object to this enhancement prior to the imposition of his sentence, although he now disputes whether the child pornography conviction qualifies as one of the predicate crimes for this enhancement.

supervision and parole supervision" and that he was "unlikely to be rehabilitated while on supervision and [] unlikely to refrain from this kind of conduct in the future." (App. 539.)

## II.

The District Court had jurisdiction over this matter under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We have the jurisdiction to review the sentence imposed upon a defendant under 18 U.S.C. § 3742. Husmann's appeal presents challenges to the Sentencing Guidelines and to the calculation of his sentence that were not advanced before the District Court. We review such unpreserved claims for plain error. *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009). A reviewing court can award relief on plain error review if a defendant shows that: (1) the trial court erred; (2) the error is "plain;" and (3) the error affected "substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997). Only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings" may relief be granted. *Id.* (internal quotation marks omitted). We review the substantive reasonableness of a sentence for abuse of discretion, *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009), affording due deference to the District Court's judgment. *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006). We will defer to a sentencing court's determination "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

5

III.

A.

Husmann's principal argument is that the District Court should have disregarded the child pornography Guidelines as not empirically sound. He also contends that enhancements under Guidelines §§ 2G2.2(b)(2), 2G2.2(b)(3)(F), and 2G2.2(b)(7)(A) were improper because such enhancements "apply to the majority of offenders." (Appellant Br. at 23.) Husmann's arguments, however, fail to acknowledge that a district court does not need to "reject a particular Guidelines range where that court does not, in fact, have disagreement with the Guideline at issue" nor must it "engage in 'independent analysis' of the empirical justifications and deliberative undertakings that led to a particular Guideline." *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009); *see also United States v. Aguilar-Huerta*, 576 F.3d 365, 368 (7th Cir. 2009) ("[A judge] should not have to delve into the history of a guideline so that he can satisfy himself that the process that produced it was adequate to produce a good guideline."); *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009) ("*Kimbrough* [*v. United States*, 552 U.S. 85 (2007)] does not force district or appellate courts into a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines."). Because such decisions regarding whether to apply the Guidelines and its enhancements are discretionary, Husmann is unable to show that the District Court committed any error,

much less plain error, in applying the Guidelines and those particular enhancements to the facts of his case.[3]

Husmann is similarly unable to show that the District Court committed plain error in calculating a five-level increase in his offense level pursuant to Guideline § 2G2.2(b)(5) for a pattern of activity involving the sexual exploitation of a minor because he is unable to show that the application of the enhancement affected his sentence. To be cognizable on plain error review, an error must have affected "substantial rights," which "in most cases . . . means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993) (internal quotation marks omitted). He correctly points out that the Revised Presentence Investigation Report identified his 2004 conviction for possession of child pornography as one of the predicate offenses for the enhancement under § 2G2.2(b)(5) and that, under *United States v. Ketcham*, 80 F.3d 789 (3d Cir. 1996), trafficking in child pornography "does not itself constitute sexual abuse or exploitation of a minor." (Appellant Br. at 25) (quoting *Ketcham*, 80 F.3d at 795). The Government concedes that the possession conviction does not qualify as a predicate offense and it would not have been appropriate to use the conviction in justifying this enhancement. (*See* Appellee Br. 24-25.) Even without consideration of that conviction, Husmman's prior conviction for

---

[3] Even if Husmann is correct that many offenders receive enhancements based on the age of the depicted minors, § 2G2.2(b)(2), distribution, § 2G2.2(b)(3)(F), and the number of images, § 2G2.2(b)(7)(A), the frequency with which they are applied does not lead to the conclusion that they should not be imposed when supported by the facts, as was the case here.

7

indecent assault and corruption of the morals of a minor involved two separate instances of sexual exploitation of a minor, *see* U.S.S.G. § 2G2.2, cmt. 1, and thus he committed sufficient predicate acts to warrant application of the pattern of activity enhancement. Accordingly, the possession offense did not affect the outcome of the proceedings and thus he is not entitled to relief under plain error.

B.

Husmann also argues that the District Court's upward variance from the Guidelines was substantively unreasonable and that the District Court relied upon "inappropriate considerations" in doing so. Appellant Br. at 27. Specifically, Husmann argues that the District Court incorrectly considered his 1996 conviction for indecent assault and corruption of the morals of a minor because, although he "acted out" then, "there was no evidence that he continued to do so since then." (Appellant Br. at 29.) Husmann argues that not only should a within-Guidelines sentence be imposed, but that the mandatory minimum sentence of 10 years is "more than enough 'just punishment' for [his] offense." *Id.* at 34.

Husmann's 1996 conviction, however, was merely one of many factors, including Husmann's conduct immediately preceding his conviction for this offense, that the District Court considered in determining that a within-Guidelines-range sentence did not satisfy the objectives of an appropriate sentence. Based on the totality of the circumstances, including Husmann's behavior during the investigation and prosecution of

this case as well as his prior convictions and conduct, Husmann is unable to show that no reasonable judge would have imposed a prison term of 180 months in this case.

IV.

For the reasons set forth herein, we hold that the District Court did not commit plain error in its application of the Guidelines and did not abuse its discretion in imposing an above-Guidelines sentence based on the totality of the facts of Husmann's case. Accordingly, we will affirm the judgment of conviction imposed by the District Court on April 2, 2015.