**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2747
_____

UNITED STATES OF AMERICA

v.

AARON OLIVER,
                    Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 97-cr-00253-0001)
District Judge: Hon. Berle M. Schiller
_____

Argued March 13, 2018
_____

Before: JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Filed: March 29, 2018)

Brett G. Sweitzer, Esq.      [ARGUED]
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106

        *Counsel for Appellant*

Robert A. Zauzmer, Esq.    [ARGUED]
Bernadette A. McKeon, Esq.
Office of United States Attorney
615 Chestnut Street

Suite 1250
Philadelphia, PA 19106

 *Counsel for Appellee*

————————

OPINION[*]

————————

SHWARTZ, <u>Circuit Judge</u>

 In 1998, Aaron Oliver was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had prior convictions for a serious drug offense, rape, and second-degree aggravated assault. Oliver contends that aggravated assault and rape offenses, as they were defined in the 1960s and 1980s, respectively, do not meet the definition of "violent felony" under the ACCA as set forth in <u>Johnson v. United States</u>, 559 U.S. 133, 140 (2010). At least with respect to his second-degree aggravated assault conviction, Oliver is correct, and thus, the District Court erred in denying him relief under 28 U.S.C. § 2255. We will therefore reverse and remand for resentencing.

I

 Oliver was found guilty of three counts of simple possession of heroin, marijuana, and cocaine, in violation of 21 U.S.C. § 844(a), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). The sentencing

---

 [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

judge determined that Oliver was subject to an enhanced sentence under the ACCA because he had prior convictions for a serious drug offense, 35 Pa. Cons. Stat. § 780-113(a)(30), (f)(1), aggravated assault, 18 Pa. Cons. Stat. § 2702(a), and forcible rape, 18 Pa. Cons. Stat. § 4721. As a result of these convictions, Oliver faced a mandatory minimum sentence of fifteen years' imprisonment, instead of the ten-year statutory maximum sentence he would have faced without his prior convictions. Oliver was sentenced to 292 months' imprisonment.

In 2016, Oliver moved to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing, among other things, that second-degree aggravated assault and forcible rape are not qualifying violent felonies under the ACCA. The District Court denied his § 2255 motion and motion to amend the order denying § 2255 relief, but subsequently granted him a certificate of appealability.

II[1]

To determine whether a prior offense qualifies as a predicate for imposing a sentence under the ACCA, we must determine if the offense meets the ACCA definition for a qualifying crime. The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. When reviewing a District Court's denial of a motion to correct a sentence under 28 U.S.C. § 2255, we "exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." United States v. Travillion, 759 F.3d 281, 289 (3d Cir. 2014) (quoting Lambert v. Blackwell, 134 F.3d 506, 512 (3d Cir. 1997)).

one another, such person shall be fined under this title and imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1). The parties do not dispute that Oliver has a conviction for a "serious drug offense" as defined by the ACCA, but disagree as to whether his second-degree aggravated assault and forcible rape convictions constitute violent felonies under the ACCA.

A violent felony under the ACCA either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" or (2) "is burglary, arson, or extortion, [or] involves use of explosives[.]" Id. § 924(e)(2)(B).[2] Since aggravated assault and rape are not among the enumerated offenses set forth in subsection (B), we must determine whether the elements of either second-degree aggravated assault or forcible rape satisfies the force clause. Id. § 924(e)(2)(B)(i).

The United States Supreme Court defined "physical force" under the ACCA as "violent force—that is, force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140 (emphasis omitted). The Court explained that the phrase "physical force" has a "connotation of strong physical force," id., which involves "force exerted by and through concrete bodies" and is "distinguish[able] . . . from, for example, intellectual force or emotional force." Id. at 138.

---

[2] The ACCA also defines a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), but the Supreme Court has invalidated this portion of the definition, see Johnson v. United States, 135 S. Ct. 2551, 2563 (2015).

4

We will first examine whether second-degree felony aggravated assault under Pennsylvania law requires proof of physical force as defined in Johnson. To make this determination, we apply the categorical approach,[3] which compares the elements of the statute under which the defendant was convicted with the definition of "violent felony" under the ACCA. United States v. Chapman, 866 F.3d 129, 133-34 (3d Cir. 2017) (citing Descamps v. United States, 570 U.S. 254, 257 (2013)). Our focus is on the elements of the offense, not "the particular facts underlying th[e] conviction[]." Id. at 134 (quoting Descamps, 570 U.S. at 260) (alteration in original).

Sometimes a single statute lists alternative elements, thereby creating different crimes, as opposed to different ways to commit one crime. Descamps, 570 U.S. 260-62. Whether a provision of a statute is an element or a means of committing a crime may be determined by reference to whether the provision "need neither be found by a jury nor

---

[3] We acknowledge that we are bound to apply the categorical approach but also agree with the observations expressed in other opinions concerning the practicalities (or put differently, the lack of reality) sometimes associated with the categorical approach. See, e.g., Mathis v. United States, 136 S. Ct. 2243, 2269 (2016) (Alito, J., dissenting) ("A real-world approach would avoid the mess that today's decision will produce."); Chapman, 866 F.3d at 138 (Jordan, J., concurring) (noting that the categorical approach "often asks judges to feign amnesia" because they may consider facts of past convictions only for a limited purpose and that it "has led to unusual questions of statutory interpretation which in turn led to even more unusual results"); United States v. Faulls, 821 F.3d 502, 516 (4th Cir. 2016) (Shedd, J., concurring) ("[T]he categorical approach is the antithesis of individualized sentencing; we do not consider what the individual to be sentenced has actually done, but the most lenient conduct punished by his statute of conviction. This flaw is even more apparent in cases like this one, involving instant offenses[.]"); United States v. Doctor, 842 F.3d 306, 312-13 (4th Cir. 2016) (Wilkinson, J., concurring) (remarking that the categorical approach "has pushed criminal sentencing to the very last place that sentencing ought to be, that is at an untenable remove from facts on the ground").

admitted by a defendant," in which case the provision amounts to a means and not an element. Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). If the statute contains alternative elements, or if violations of different parts of the statute result in different penalties, then the statute is deemed "divisible." Id. at 2249. When faced with a divisible statute, courts must determine "which of the alternative elements listed . . . was integral to the defendant's conviction," id., and courts may consult a "limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction," Descamps, 570 U.S. at 262. These are known as Shepard documents and include "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005). Once a court has determined the elements that formed the basis of a defendant's prior conviction, it must then "compare th[os]e elements . . . with the elements of the generic [ACCA] crime." Descamps, 570 U.S. at 257 (internal quotations omitted). If the elements of the crime of conviction "cover a greater swath of conduct than the elements of the relevant ACCA offense," then the conviction does not qualify as an ACCA predicate offense. Mathis, 136 S. Ct. at 2251.

Because Oliver committed the aggravated assault in 1982, we examine the version of the statute in effect at that time. Under that statute, an individual could be found guilty of aggravated assault if he:

6

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a lawful arrest;

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest;

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon; or

(5) attempts to cause or intentionally or knowingly causes bodily injury to [school officials] . . . while acting in the scope of his or her employment or because of his or her employment relationship to the school.

18 Pa. Cons. Stat. § 2702(a)(1)-(5) (1980). "Aggravated assault under subsection (a)(1) and (a)(2) is a felony of the second degree," whereas aggravated assault under subsections (a)(3), (a)(4), and (a)(5) is "a misdemeanor of the first degree." Id. § 2702(b). A second-degree felony offense then carried a maximum sentence of ten years, 18 Pa. Cons. Stat. § 1103(2) (1972), while a first-degree misdemeanor carried a sentence of five years, 18 Pa. Cons. Stat. § 1104(1) (1972). In addition to the different penalties, the provisions contain alternative elements because a jury must find, or a defendant must admit, different facts to satisfy each respective subsection of the statute. See Mathis, 136 S. Ct. at 2248. This statute is therefore divisible. As a result, we employ the modified

7

categorical approach and refer to Shepard documents to identify the subsection of the statute Oliver violated.[4]

The Shepard document the parties submitted states that Oliver's count of conviction was "F2," App. 74, referring to a conviction for a felony in the second degree. As explained above, only violations of §§ 2702(a)(1) or (a)(2) constitute felonies in the second degree. Because nothing in the Shepard document indicates that the aggravated assault involved a police officer, the relevant subsection is (a)(1). Under Pennsylvania law, an individual can be convicted of second-degree felony aggravated assault if he attempts to cause serious bodily injury either by an act or by an omission. For example, individuals who have failed to provide food, medical care, or proper supervision have been convicted of aggravated assault in circumstances involving no act of physical force. See, e.g., Commonwealth v. Thomas, 867 A.2d 594, 597 (Pa. Super. Ct. 2005) (failing to provide children with necessary medical care); Commonwealth v. Taylor, No. CP-63-CR-0000827-2012, 2015 WL 7576457, at *6 (Pa. Super. Ct. Feb. 9, 2015) (neglecting to feed children); Commonwealth v. Campbell, No. CP-51-CR-0001793-2014 (Pa. Com. Pl. Mar. 10, 2017) (failing to properly supervise a work site).[5] While there is no doubt that

---

[4] We clarified in United States v. Brown, 765 F.3d 183 (3d. Cir. 2014), that we first determine whether "at least one" of the subsections of a statute is not categorically overbroad before looking to relevant Shepard documents to determine under which of those subsections a defendant was convicted. Id. at 190-91. Here, § 2702(a) meets this criteria and, in any event, the parties have stipulated that § 2702(a)(1) is the relevant subsection.

[5] The relevant portion of the aggravated assault statutes at issue in these cases is not materially different from the statute in effect at the time of Oliver's offense.

physical pain sufficient to constitute serious bodily injury under § 2702(a)(1) can occur as a result of an omission, <u>Johnson</u>'s ACCA violent felony definition requires the use or attempted use of physical force exerted by or through "concrete bodies." <u>Johnson</u>, 559 U.S. at 138.[6]  Under this binding definition, physical force is not used "when no act [is done] . . . ." <u>United States v. Harris</u>, 205 F. Supp. 3d 651, 671 (M.D. Pa. 2016).  So, "when the act has been one of omission, . . . there has been no force exerted by and through concrete bodies," <u>id.</u>, and thus, physical force as defined in <u>Johnson</u> has not been used.  See <u>United States v. Resendiz-Moreno</u>, 705 F.3d 203, 204-05 (5th Cir. 2013) (holding that first-degree child cruelty under Georgia law is not a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because the offense could be committed "by depriving [a] child of medicine or by some other act of omission that does not involve the use of physical force").[7]  Because the Pennsylvania aggravated assault statute can be

_____

[6] <u>United States v. Castleman</u>, 134 S. Ct. 1405 (2014), does not change our conclusion that <u>Johnson</u> requires an act.  <u>Castleman</u> defined the use of "physical force" under 18 U.S.C. § 921(a)(33)(A), which enumerated misdemeanor crimes of domestic violence.  134 S. Ct. at 1409.  In that context, the term "physical force" captures a broader array of physical force than that captured under <u>Johnson</u>'s view of "physical force" under the ACCA.  See <u>Id.</u> at 1411 n.4.  Moreover, while the Court recognized in <u>Castleman</u> that the use of physical force, such as the use of poison to cause physical injury or the pulling of a trigger to cause a bullet wound, 134 S. Ct. at 1415, the actions it referenced were still affirmative acts, not mere omissions.

[7] Two of our sister courts have reached the opposite conclusion, holding that acts of omission can constitute a use of force under <u>Castleman</u>.  See <u>United States v. Peeples</u>, 879 F.3d 282, 287 (8th Cir. 2018) (holding that attempted murder under Iowa Code § 707.11 is a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A) notwithstanding that it may be committed by omission, because omissions, such as a caregiver withholding food, can constitute the use of force); <u>United States v. Waters</u>, 823 F.3d 1062, 1066 (7th Cir. 2016) (holding that, under U.S.S.G. § 4B1.2(a)(1), an omission such as "withholding medicine causes physical harm, albeit indirectly, and thus qualifies as the use of force

violated without the use of physical force as defined in <u>Johnson</u>, it sweeps more broadly than the ACCA definition of violent felony, and it therefore does not fall within its definition.  <u>See, e.g.</u>, <u>Harris</u>, 205 F. Supp. 3d at 671-72.

As a result, even assuming Oliver's forcible rape conviction constitutes a qualifying ACCA offense—on which we express no opinion—his aggravated assault conviction does not.  Therefore, he lacks the three qualifying convictions needed to trigger an enhanced sentence under the ACCA and his sentence must be vacated.

## III

For the foregoing reasons, we will reverse the order denying the motion to vacate Oliver's sentence under § 2255 and remand for resentencing.

---

under <u>Castleman</u>").  These courts, however, conflate indirect force, which <u>Castleman</u> held was sufficient to satisfy the use of force, with omissions.