NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3890

_____

UNITED STATES OF AMERICA

v.

MICHAEL DURA,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D. C. Criminal No. 2-12-cr-00684-001
District Judge: Honorable Cynthia M. Rufe

_____

Submitted under Third Circuit LAR 34.1(a)
on October 5, 2016

Before:  SHWARTZ, GREENBERG and ROTH, Circuit Judges

(Opinion filed July 19, 2017)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Appellant Michael Dura, who pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4), was sentenced to a term of 121 months' imprisonment. He now appeals his sentence, arguing that it is procedurally and substantively unreasonable. Because we conclude that the District Court erred in declining to apply a two-level reduction pursuant to U.S.S.G. § 2G2.2(b)(1) and that the error was not harmless, we will vacate the judgment of sentence and remand for resentencing.

## I.    Factual and Procedural History

The facts of this case are uncontested. Michael Dura's interest in child pornography began in 2000. In January 2012, agents of the Federal Bureau of Investigation (FBI) executed a search warrant at Dura's home. During execution of the warrant, Dura voluntarily submitted to an interview with the law enforcement agents. Dura told the agents he viewed photographs of nude children, which he downloaded from various online forums and message boards. In addition, Dura told the agents he personally took pictures of partially-clothed children and posted them to an online message board.

At the conclusion of the search, the agents seized Dura's computer and other digital storage devices. The FBI's forensic analysis of these items determined that the devices contained child pornography. The FBI's investigation also confirmed that Dura uploaded images of bathing-suit-clad children, which were not classified as pornographic,

2

to an online forum. The examination of Dura's electronic devices did not otherwise produce evidence that he trafficked in or distributed child pornography.

On February 4, 2014, Dura pled guilty to receipt of child pornography and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4), respectively. At his sentencing, Dura contested the Guidelines calculation provided in his presentence report (PSR).[1] Dura agreed with the PSR's indication that his U.S.S.G. base offense level was 22. He argued, however, that he was entitled to a two-level reduction pursuant to U.S.S.G. §2G2.2.(b)(1). The District Court had found that Dura's conduct was not limited to the mere viewing or collection of material involving the sexual exploitation of minors as required by the guideline. The court therefore declined to apply the two-level reduction.

The District Court ultimately determined that Dura had a total offense level of 32, a Criminal History Category of I, and a corresponding Guidelines range of 121 to 151 months. **PSR 8.** After careful consideration of the 18 U.S.C. § 3553(a) sentencing factors, the District Court sentenced Dura to a term of 121 months' imprisonment—the bottom of the Guidelines range calculated by the court.

On appeal, Dura argues that the District Court improperly declined to apply §2G2.2.(b)(1)'s two-level reduction and failed to properly consider 18 U.S.C. § 3553(a)'s factors. Dura also claims his sentence must be vacated because it is substantively unreasonable. On September 14, 2016, we directed the parties to explain the following:

---

[1] At sentencing, the parties agreed to the District Court's application of the 2015 U.S.S.G.

3

(1) whether relevant conduct under U.S.S.G. § 1B1.3 governs the conduct that is to be considered for determining whether an offender is entitled to a reduction under § 2G2.2(b)(1)(B); (2) whether such conduct must be criminal in light of *United States v. Dickler*, 64 F. 3d 818, 830-31 (3d Cir. 1995); and (3) if the relevant conduct must be criminal, what relevant conduct here was criminal and what criminal law did it violate.

The parties agreed that consideration of whether an offender is entitled to a § 2G2.2(b)(1) reduction can include only the type of conduct specified in § 1B1.3 and that conduct within the meaning of § 1B1.3 must be criminal. The government also concedes that the conduct in question is not subject to criminal liability.

## II.    Discussion[2]

When a defendant properly preserves an objection to a sentencing guideline adjustment, as Dura did here, we will determine on appeal whether the district court committed "significant procedural error."[3]  As the Supreme Court has explained, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."[4]  "[B]ecause the Guidelines still play an integral role in criminal sentencing, we require that the entirety of the Guidelines calculation be done correctly . . .."[5]  Therefore, "[a] district court that 'improperly calculat[es]' a defendant's

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Grober*, 624 F.3d 592, 599 (3d Cir. 2010).

[3] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[4] *Gall*, 552 U.S. at 49 (citing *Rita v. United States*, 551 U.S. 338, 347-48 (2007)).

[5] *United States v. Jackson*, 467 F.3d 834, 838 (3d Cir. 2006), as amended (Nov. 17, 2006) (citations omitted).

Guidelines range . . . has committed a 'significant procedural error.'"[6] Our "review of the District Court's interpretation and application of the Sentencing Guidelines is plenary."[7]

It is undisputed that § 2G2.2 of the Guidelines must be applied since Dura pled guilty to violating 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4). The issue before us is whether the conduct considered by the District Court provided a basis for denying § 2G2.2(b)(1)'s two-level reduction.

In relevant part, § 2G2.2(b)(1) provides for a two-level decrease in a defendant's Guidelines calculation if the defendant's conduct was limited to only receipt or solicitation of material involving the sexual exploitation of a minor, and if the defendant did not intend to traffic in or distribute the materials.[8] The sentencing court is required to consider all "relevant conduct" as defined by § 1B1.3.[9] In *Dickler*, we held that to be "relevant" under § 1B1.3, the conduct in question must be "proscribed by a criminal statute," although it need not result in a conviction.[10] Thus, conduct for which Dura was not prosecuted may be considered when determining the applicability of § 2G2.2(b)(1) as long as it is both criminal and relevant under § 1B1.3.

At sentencing, the District Court found that § 2G2.2(b)(1)'s two-level reduction could not be applied to Dura's Guidelines calculation because his conduct was not

---

[6] *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-46 (2016) (second brackets in original) (citation omitted); *see also United States v. Smalley*, 517 F.3d 208, 211-12 (3d Cir. 2008).

[7] *United States v. Crandon*, 173 F.3d 122, 128 (3d Cir. 1999).

[8] U.S.S.G. § 2G2.2(b)(1).

[9] *See e.g.*, *Crandon*, 173 F.3d at 130.

[10] *Dickler*, 64 F. 3d at 830-31.

5

limited to the mere receipt or solicitation of prohibited material.[11] It was undisputed that the conduct considered by the court did not involve actual child pornography. Instead, at issue was Dura's publication of images that depicted partially clothed children. After posting the photographs, Dura commented on and discussed them with other members of the online forum for the purpose of sexual gratification. The court found that because this conduct established that Dura was more than a passive possessor of child pornography, he was not entitled to the two-level reduction. However, as the government concedes, this conduct—though disturbing— is not criminally punishable and therefore cannot serve as the basis to deny Dura a reduction under § 2G2.2(b)(1). Accordingly, we conclude that the District Court's refusal to apply § 2G2.2(b)(1)'s reduction to Dura's Guidelines calculation was an error. We will therefore remand this matter to the District Court for resentencing unless we determine that the calculation error is harmless.[12]

The error here is harmless if there is a reasonable probability that the District Court would have imposed the same sentence had it not relied upon the miscalculation. The Supreme Court's recent decision in *Molina-Martinez v. United States*[13] guides our review. In that case, the Court held that an erroneous Guidelines calculation that affected

---

[11] The government also argued that Dura was not entitled to the reduction because his conduct demonstrates that he intended to distribute lewd photographs of children. We decline to address this argument since it was not the basis for the District Court's decision and not at issue in this appeal.

[12] *Smalley*, 517 F.3d at 212 ("[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." (brackets in original) (internal quotation marks and citation omitted)).

[13] 136 S. Ct. at 1338.

the defendant's Guidelines range by only seven months constituted reversible error.[14] The Court established that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the [sentence imposed] falls within the correct range— the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."[15] In this case, the District Court sentenced Dura to the lowest end of what it believed to be the applicable Guidelines range—121 months. A two-level reduction in Dura's Guidelines calculation would result in a range of 97-121 months—rendering a sentence of 121 months to be at the highest end of the correct Guidelines range. The record in this case does not suggest that the District Court would have imposed a 121 months' imprisonment term under the properly calculated Guidelines range. We therefore hold that the Guidelines miscalculation here is sufficient to show a reasonable probability that Dura's sentence would have been different absent the error.[16]

## IV.    Conclusion

For the foregoing reasons, we will vacate Dura's judgment of sentence and remand for resentencing.

---

[14] *Id.* at 1344.

[15] *Id.* at 1345; *see also United States v. Knight*, 266 F.3d 203, 207 (3d Cir. 2001) ("[A]n error in application of the Guidelines that results in [the] use of a higher sentencing range should be presumed to affect the defendant's substantial rights.").

[16] Because we find errors in the procedural component of the review process, we express no opinion on the Court's application of 18 U.S.C. § 3553(a) or the substantive reasonableness of Dura's sentence. That is because, ordinarily, "If the district court commits procedural error, our preferred course is to remand the case for re-sentencing, without going any further." *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (citations omitted).