NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2643
_____

UNITED STATES OF AMERICA

v.

JOHN L. HAMMOND,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cr-0354)
District Judge:  Hon. C. Darnell Jones, II
_____

Submitted Under Third Circuit LAR 34.1(a)
June 10, 2019

Before:  JORDAN, BIBAS, and NYGAARD, *Circuit Judges.*

(Filed: June 14, 2019)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

John Hammond appeals his sentence for receipt and possession of child pornography. For the reasons that follow, we will affirm.

## I. BACKGROUND

On a tip that Hammond possessed child pornography, police officers obtained a warrant to search his home. The search revealed "a computer, external flash drives, and other devices" with "thousands of images and video files containing child pornography." (App. at 30.) Included were "[s]everal … images and videos [that] depict[ed] graphic scenes of sadistic bondage and sexual assault perpetrated against children[,]" including prepubescent children. (App. at 30.) There was also an email exchange that became an issue at sentencing. On December 25, 2015, Hammond and a man that he met on Craigslist discussed in explicit detail their shared sexual interest and having sex with children. (App. at 98.) During that email exchange, Hammond bragged about luring a neighbor boy into performing sexual acts, and he sent seven pornographic photographs of individuals suspected to be child pornography.

A grand jury charged Hammond with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He pled guilty.

The Pre-Sentence Investigation Report ("PSR") revealed that Hammond had a history of sexually harassing and abusing adult women. Specifically, three of Hammond's former employees had reported that they were sexually abused, assaulted, or otherwise the subject of sexual misconduct by Hammond. Hammond objected to that

2

part of the PSR, arguing that it was unfounded and should be removed in its entirety. The District Court overruled that objection, but explained that:

> The concern that the Court has is that one -- on the one hand it has nothing to do with the charges at hand with this Defendant, yet relevant information in terms of the person is always admissible [and] something that can be considered by the sentencing Court. In that regard, therefore, the Court won't strike it. And the weight will be given to it whatever the Bureau [of Prisons] deems necessary and appropriate. But to the extent that the Court will impose conditions on the Defendant's sentence regarding the use of child pornography, computers, and therapy in that regard, nothing in that is going to go toward an adult relationship. It's all going to be because of the juvenile charges here to which the Defendant pled guilty. So, the objection is overruled but noted.

(App. at 86.)

Ultimately, the Court sentenced Hammond to 121 months' imprisonment, to be followed by 20 years of supervised release. That sentence was at the bottom of Hammond's Sentencing Guidelines range, 121-151 months' imprisonment.

Hammond timely appealed.

## II. DISCUSSION[1]

Hammond argues that the two-level reduction pursuant to United States Sentencing Guidelines § 2G2.2(b)(1) should have been applied to his guidelines range calculation because his conduct was limited to mere receipt of child pornography. He also argues that the District Court erred in considering the PSR's allegations that he engaged in sexual abuse of adults. Neither argument is persuasive.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

**A.      The District Court Did Not Plainly Err by Declining to Apply a Two-Level Sentencing Reduction Pursuant to Guidelines § 2G2.2(b)(1).**

Under guidelines § 2G2.2(b)(1), a defendant's offense level is reduced by two if the defendant has a base offense level of 22 and "the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor[] and … the defendant did not intend to traffic in, or distribute, such material[.]" U.S.S.G. § 2G2.2(b)(1). To determine whether a defendant's conduct was limited to receipt, the sentencing court is required to consider all "relevant conduct" as defined by guidelines § 1B1.3, including "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant[.]" U.S.S.G. § 1B1.3(a)(1)(A). And "[t]he relevant criminal conduct need not be conduct with which the defendant was charged" or "over which the federal court has jurisdiction[.]" *United States v. Dickler*, 64 F.3d 818, 831 (3d Cir. 1995) (citations omitted). But to be "relevant conduct" under § 1B1.3, the act "must be criminal conduct." *Id.* at 830-31.

Hammond argues that the District Court should have applied that reduction "because the relevant conduct was limited to receipt and Mr. Hammond did not intend to distribute or traffic in images." (Opening Br. at 22.) Because that argument was not preserved, a point Hammond concedes, we review for plain error. "To prevail … [he] must show that there is (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Poulson*, 871 F.3d 261, 270 (3d Cir. 2017) (citation and quotation marks omitted).

4

The inquiry here is whether Hammond's conduct amounted to relevant, criminal conduct beyond simply receiving child pornography. Hammond's argument places great weight on our non-precedential opinion in *United States v. Dura*, 701 F. App'x 125 (3d Cir. 2017), to support his position that his email exchange with the man on Craigslist "while … distressing … [is] not 'relevant conduct' for purposes of calculating the Guidelines range." (Reply Br. at 8 (citing *Dura*, 701 F. App'x at 128).) There, we decided that the defendant's publication of "images that depicted partially clothed children" was not relevant conduct because those images "undisputed[ly] … did not involve actual child pornography[.]" *Dura*, 701 F. App'x at 128. Thus, it could not "serve as the basis to deny … a reduction under § 2G2.2(b)(1)." *Id.*

We do not cite to or rely upon non-precedential opinions. *See* Third Circuit Internal Operating Procedure 5.7 (indicating that non-precedential "opinions are not regarded as precedents that bind the court because they do not circulate to the full court before filing"). Looking at the facts here, Hammond bragged, in repulsive detail, about a criminal sexual encounter with "a neighbor boy." (App. at 75.) Attached to that email were "seven images that are suspected of depicting child pornography." (App. at 37.) "No faces can be seen in the images … and the government has been unable to conclusively identify or determine the ages of the individuals depicted." (App. at 37.) But, the pictures appear to be of children, and that conclusion is sound, given the topic and text of Hammond's email exchange. The fact that there is some ambiguity is not determinative, as the standard of proof at sentencing is only a preponderance of the evidence, further qualified here by plain error deference. *United States v. Grier*, 475 F.3d

556, 568 (3d Cir. 2007). And because Hammond sent those images to a third party, his conduct could be seen as distribution of child pornography. *United States v. Husmann*, 765 F.3d 169, 176 (3d Cir. 2014) (requiring a download by, or a transfer to, another person of "a defendant's child pornography materials" to show distribution of child pornography under § 2252(a)(2)). Distribution of child pornography is relevant conduct that obviously goes beyond mere receipt of child pornography.

Accordingly, the Craigslist emails support a finding that Hammond's relevant conduct went "beyond the viewing of child pornography[.]" (App. at 104.) The District Court, therefore, did not plainly err by not applying the reduction under § 2G2.2(b)(1).

## B. The District Court Did Not Rely on Hammond's Adult Sexual History.

Second, Hammond argues that the PSR's recounting of his "history of 'sexual harassment and sexual abuse' of former employees … lacked sufficient indicia of reliability" and "[t]he district court accordingly erred in considering the allegations over defense objection[,]" thus violating his due process rights. (Opening Br. at 32.) That argument too lacks merit.

"[W]e have explained that information relied upon at sentencing must have sufficient indicia of reliability to support its probable accuracy." *United States v. Berry*, 553 F.3d 273, 280 (3d Cir. 2009) (citations and quotation marks omitted). But here, the District Court made clear that it was not relying on Hammond's adult relationships to determine his sentence. It stated that the adult relationships, while relevant only in the most general sense, had "nothing to do with the charges at hand with this Defendant" (App. at 86), and that "nothing in [the Defendant's sentence and the conditions imposed]

6

is going to go toward an adult relationship.  It's all going to be because of the juvenile charges here to which the Defendant pled guilty." [2]  (App. at 86.)

In short, the Court fashioned Hammond's sentence based on permissible factors and without reference to the adult relationships.[3]   And, in determining whether Hammond's conduct went "beyond the viewing of child pornography," it explicitly relied on Hammond's behavior "including uploading materials, speaking of his involvement with others, *who were minors*, in deplorable situations."  (App. at 104 (emphasis added).)

Thus, while the District Court did not strike the adult relationships from the PSR, the Court did not fashion Hammond's sentence in reliance upon it, in part or otherwise, and there was no violation of Hammond's due process rights.

## III.    CONCLUSION

For the foregoing reasons, we affirm.

---

[2] Additionally, the government did not argue "that the Defendant should receive enhance[d] punishment because of th[o]se allegations."  (App. at 85.)

[3] We note a factual inaccuracy at sentencing.  The District Court believed that the probation officer who authored the PSR had interviewed Hammond's former employees about their relationship with Hammond, but that was not so.  Nonetheless, because the District Court did not rely on history of adult relationships that factual inaccuracy is of no consequence.

7