BLD-172                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 15-3298

—————

UNITED STATES OF AMERICA

v.

MAXIMUS PROPHET, a/k/a Mark L. Ferrari

Maximus Prophet,
Appellant

———————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 3-07-cr-00025-001)
District Judge:  Honorable Kim R. Gibson

———————————————————

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 or a Decision on the Issuance of a Certificate of Appealability
March 10, 2016

Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed:  March 18, 2016)

—————

OPINION[*]

—————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Maximus Prophet is an inmate at F.C.I. Loretto serving a 168-month sentence imposed after he pleaded guilty to one count of possessing child pornography, 18 U.S.C. § 2252(a)(4), and eleven counts of receipt of child pornography, 18 U.S.C. § 2252(a)(2). We affirmed Prophet's sentence on appeal. See United States v. Prophet, 335 F. App'x 250, 250-53 (3d Cir. 2009) (C.A. No. 08-2918). Part of the basis for Prophet's sentence was a two-level enhancement for distributing child pornography pursuant to U.S.S.G. § 2G2.2(b)(3). That enhancement applied because Prophet had placed electronic files containing child pornography in a location on his computer that was made available to other people for download or transfer via file-sharing software.

Prophet now appeals pro se from an order of the United States District Court for the Western District of Pennsylvania denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241,[1] in which Prophet argued that intervening caselaw narrowed the definition of "distribution" and thus required the correction of his sentence. For the following reasons, we will affirm.

---

[1] On August 18, 2015—about six years after we affirmed Prophet's sentence—Prophet filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court recognized that the motion was more properly construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which under some circumstances may provide an avenue for relief to a prisoner when a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). In particular, a prisoner in federal custody may seek relief pursuant to § 2241 in the rare situation where he has had no prior opportunity to challenge his conviction for actions that an intervening change in law has

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

Prophet argues that the sentencing enhancement that he received for distributing child pornography is no longer valid following this Court's decision in United States v. Husmann, 765 F.3d 169 (3d Cir. 2014). That case interpreted the federal statute criminalizing distribution of child pornography, 18 U.S.C. § 2252(a)(2), and held that "the term 'distribute' in § 2252(a) . . . requires evidence that a defendant's child pornography materials were completely transferred to or downloaded by another person." Husmann, 765 F.3d at 176. Prophet states that in his case, there was no evidence of any transfer or download; rather, he had simply logged in to a file-sharing network without realizing that such an action would make his child pornography available to others.

Prophet's argument fails. He was not convicted of distributing child pornography within the meaning of "distribution" as set out in § 2252(a)(2). Instead, he was convicted of possession and receipt of child pornography, and then received a sentencing enhancement for actions he took that fell within the meaning of "distribution" as set out in U.S.S.G. § 2G2.2(b)(3). The definition of "distribution" in the sentencing guidelines

made non-criminal. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251).

3

includes a broader set of actions and "has no bearing on the meaning of the term in § 2252." See Husmann, 765 F.3d at 175-76. Indeed, as the Husmann opinion upon which Prophet relies noted,

> "Distribution" under § 2G2.2(b)(3) extends to such acts as "possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." U.S. Sentencing Guidelines Manual § 2G2.2 app. n.1. In fact, "any act . . . related to the transfer of material involving the sexual exploitation of a minor" qualifies as "distribution" under § 2G2.2(b)(3). Id. (emphasis added).

Id. at 176. Consequently, Husmann did not present any change in the law pursuant to which Prophet was convicted and sentenced. Under the applicable sentencing guideline, Prophet's act of merely logging in to a file-sharing network qualified as distribution. The District Court was therefore correct to conclude that there was no basis on which to grant Prophet relief on his § 2241 petition pursuant to Dorsainvil.

For the foregoing reasons, we conclude that this appeal presents no substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. We will summarily affirm the District Court's judgment.[2]

---

[2] Prophet's request for a certificate of appealability is denied as unnecessary. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (an appeal from the denial of a § 2241 petition does not require a certificate of appealability). Moreover, jurists of reason would not dispute that Prophet's petition, even if it could have been characterized as a § 2255 motion, was untimely and set forth no basis for equitable tolling. See 28 U.S.C. § 2255(f); Holland v. Florida, 560 U.S. 631, 649 (2010).