[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 15-11569; 15-13513
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-20817-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HILARIO GARCIA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(July 5, 2016)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Hilario Garcia appeals his sentence of 78-months' incarceration and conditional supervised release for life, imposed after Garcia pled guilty to possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). On appeal, Garcia contends the district court erred by (1) applying the sentencing enhancement under U.S.S.G. § 2G2.2(b)(3)(F) without finding that Garcia distributed with knowledge; (2) unreasonably failing to apply a downward variance from Garcia's bottom-end guideline sentence; (3) unreasonably imposing a life term of supervised release; and (4) requiring Garcia's post-release visitation of his minor children to be supervised by someone other than Garcia's wife or a blood relative pending Garcia's undergoing a mental health evaluation and the Court's determining, with the advice of a guardian *ad litem* and the probation office, that Garcia may resume unsupervised visitation. After review,[1] we affirm.

Although the district court noted that Garcia's conduct indicated "some modicum of knowledge," the district court need not have found that Garcia knowingly distributed child pornography. *See United States v. Creel*, 783 F.3d 1357, 1360 (11th Cir. 2015) ("No element of *mens rea* is expressed or implied by [the Sentencing Guidelines' definition of distribution]."). The district court need

---

[1] We review the district court's application and legal interpretations of the Sentencing Guidelines *de novo* and the district court's factual determinations for clear error. *United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010). We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). If a party fails to raise an argument before the district court, we review the issue for plain error. *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).

only find (as it did) that Garcia in fact distributed child pornography.  *See id.*  The "alternative holding" in *Creel* is not one of law but one of fact:  the Court held that the Government had in fact proved the defendant's knowledge.  *Id.* at 1360–61. Nothing about this alternative holding affects the proposition of law stated in the Court's primary holding.  Thus, after *Creel*, no panel of this Court may require the Government to prove or the district court to find that child pornography was *knowingly* distributed before applying the two-point sentencing enhancement in U.S.S.G. § 2G2.2(b)(3)(F).[2]  *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court *en banc* or by the Supreme Court." (quotation omitted)).  The district court did not erroneously apply the enhancement.

---

[2] Garcia moves to stay this appeal pending finalization of the United States Sentencing Commission's proposed amendment to U.S.S.G. § 2G2.2(b)(3)(F).  *See* 28 U.S.C. § 994(p) ("[A]n amendment . . . shall take effect on [the] date specified by the [Sentencing] Commission . . . except to the extent that . . . the amendment is otherwise modified or disapproved by Act of Congress.").  The amendment adds to § 2G2.2(b)(3) a requirement that "the defendant knowingly engaged in distribution."  United States Sentencing Commission, *Amendments to the Sentencing Guidelines*, 16 (April 28, 2016).

We decline Garcia's motion because even if the amendment were in effect, we would consider it a substantive amendment that does not apply retroactively.  *See United States v. Jerchower*, 631 F.3d 1181, 1185 (11th Cir. 2011).  The amendment alters the text of the guideline itself, resolves a circuit court split, and, rather than defining distribution or otherwise clarifying the original guideline's intent, *adds* the adverb "knowingly" before "distribution" to create a scienter requirement.  *See id.* ("An amendment that alters the text of the Guideline itself suggests a substantive change . . . .  [A]n amendment overturning circuit precedent suggests a substantive change.").

3

Garcia has not carried his burden to show that his sentence to 78 months' imprisonment and a life term of supervised release lies outside the range of reasonable sentences dictated by the facts of this case. *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*); *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The 2013 report[3] to Congress from the U.S. Sentencing Commission regarding child pornography sentences does not change the district court's statutory duties to calculate the advisory guideline range and consider the § 3553(a) factors, and while the district court may consider the report, it does not require a court to vary from the guideline range. *United States v. Cubero*, 754 F.3d 888, 900 (11th Cir. 2014). Here, the district court weighed the § 3553(a) factors and gave particular attention to the number of images Garcia downloaded, Garcia's efforts to conceal his viewing of child pornography, the age of the children in the images, and the seriousness of the offense (which involved depictions of the sexual abuse of real children). The district court's determination of the weight given to each § 3553(a) factor was within the court's discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The district court imposed a term of imprisonment at the bottom of the guideline range and well below the statutory maximum and required Garcia to be under supervised release for life. Neither aspect of Garcia's

---

[3] United States Sentencing Comm'n, *Report to Congress: Federal Child Pornography Offenses* (Dec. 2012) available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf.

sentence is unreasonable under these facts.  *Cf. Cubero*, 754 F.3d at 898

("Cubero's 151-month sentence is at the bottom of the advisory guidelines range of

151 to 188 months and well-below the statutory maximum, two indications of

reasonableness.").

Before the district court, Garcia did not object to the condition that post-

release visitation with his children be supervised by a third party other than a

relative by blood or marriage.  Therefore, we review for plain error this condition

of Garcia's supervised release.  *McNair*, 605 F.3d at 1222.  "[W]here the explicit

language of a statute or rule does not specifically resolve an issue, there can be no

plain error where there is no precedent from the Supreme Court or this Court

directly resolving it."  *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th

Cir. 2003).  Neither 18 U.S.C. § 3583(d) nor any other statute or binding case of

which we are aware specifically states that a district court may not require that a

convicted sex offender's post-release contact with his minor children be supervised

by a non-relative third party.  Therefore, there is no plain error.[4]

**AFFIRMED.**

---

[4] We note that the district court will revisit the condition upon Garcia's completing a mental health assessment and the district court's receiving input from the probation office and a guardian *ad litem*.  This condition and the procedure for removing it reflect the district court's attempt to strike a reasonable balance between Garcia's parental rights and protection of the public.  *Cf. United States v. Moran*, 573 F.3d 1132, 1139 (11th Cir. 2009) ("Although a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." (quotation omitted)).

5