**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2175
_____

UNITED STATES OF AMERICA

v.

ROCMON L. SANDERS,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cr-00431-001)
U.S. District Judge:  Honorable Gene E.K. Pratter
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 6, 2023
_____

Before: SHWARTZ, MONTGOMERY-REEVES, and ROTH, <u>Circuit Judges</u>.

(Filed; April 6, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**SHWARTZ**, <u>Circuit Judge</u>.

Rocmon Sanders appeals his sentence for video voyeurism and criminal contempt. Because the District Court committed plain error by sentencing Sanders to four days' imprisonment beyond the statutory maximum period, we will vacate the sentence and remand.

I

Sanders was initially indicted for manufacturing and attempting to manufacture child pornography, in violation of 18 U.S.C. § 2251(a) and (e), after he surreptitiously recorded his girlfriend's fifteen-year-old daughter while she was bathing. Sanders was detained pending trial. The District Court issued a "no contact order" prohibiting Sanders from contacting the minor or her mother, with the limited exception that Sanders could have in-person contact with the mother in the presence of a third-party observer. Sanders repeatedly violated this order by emailing and calling the mother while detained.

Three and a half years after the initial indictment, Sanders pleaded guilty to a two-count superseding information charging him with video voyeurism, in violation of 18 U.S.C. § 1801, and contempt of court, in violation of 18 U.S.C. § 401(3), due to his violation of the no contact order. Video voyeurism carries a maximum sentence of one year imprisonment and one year supervised release, 18 U.S.C. § 1801(a), while the

contempt charge in this case carried a maximum sentence of six months' imprisonment.[1]

Before sentencing, the District Court directed Sanders to work with the Probation Office to secure a place in a Residential Reentry Center ("RRC") upon his release. At the sentencing hearing, Sanders explained that because the Probation Office had informed him that a placement in a RRC would take several days, he had arranged to stay with a friend named "Dawoo." However, because Sanders was unable to provide the Court with Dawoo's full name or address, and Dawoo did not attend the hearing, the Court rejected this proposed temporary living arrangement.

The Court then considered the 18 U.S.C. § 3553(a) sentencing factors, noting the seriousness of the offense, the "terrible impact on the victim," App. 256, Sanders' criminal history, and his lack of remorse. The Court also acknowledged, however, that "the law prohibits a longer period of incarceration than [Sanders has] already served" based on the statutory maximums, App. 255, and that it could impose at most one year of supervised release. Based on these considerations, the Court sentenced Sanders to time served "plus those few days, no more than four, that are necessary to secure a bed for Mr. Sanders in a [RRC]." App. 262. The Court also imposed one year of supervised release with special conditions mandating that Sanders (1) reside at a RRC immediately upon release for a period not to exceed 120 days, (2) have no contact with the minor and only

---

[1] Although 18 U.S.C. § 401(3) does not provide a statutory maximum for contempt, as part of the plea agreement, the parties agreed to treat the contempt charge as a petty offense punishable by up to six months' imprisonment, 18 U.S.C. § 3559(a)(7).

contact the minor's mother through a probation officer after application to the Court, (3)

undergo mental health evaluation and treatment, and (4) submit to drug testing. Sanders

was released to a RRC in Philadelphia four days later.

Sanders appeals his sentence.[2]

## II[3]

Sanders asserts that the District Court erred in sentencing him to an additional four

days of incarceration and requests that we vacate the remainder of his period of

supervised release as an equitable remedy for this error. Because Sanders did not raise

this issue with the District Court, we review it for plain error. Fed. R. Crim. P. 52(b);

United States v. Payano, 930 F.3d 186, 191-92 (3d Cir. 2019).

In reviewing for plain error, we must decide whether "(1) an error occurred,

(2) the error is 'plain,' and (3) it 'affect[s] substantial rights.'" Payano, 930 F.3d at 192

(quoting United States v. Olano, 507 U.S. 725, 732 (1993)). If these conditions are met,

---

[2] Even though Sanders completed his term of incarceration, this appeal is not moot as he is still serving his term of supervised release. United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008) ("[A] live case or controversy . . . arises when a defendant challenges the sentence he is currently serving."); United States v. Prophet, 989 F.3d 231, 235 (3d Cir. 2021) (explaining that the sentence includes both the "term of imprisonment and [the] term of supervised release" (citation omitted) (emphasis omitted)). Sanders seeks to reduce his term of supervised release based upon his improper imprisonment. Because Sanders "is directly challenging the sentence he is currently serving," and there is a "possibility of a credit for improper imprisonment against a term of supervised release," the appeal is not moot. Prophet, 989 F.3d at 235-36 (quoting Jackson, 523 F.3d at 241).

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

"a court of appeals should exercise its discretion to correct the error if it would 'seriously affect[] the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting Olano, 507 U.S. at 732).

These requirements are satisfied here. First, the maximum penalty for video voyeurism is one year, 18 U.S.C. § 1801(a), and the maximum penalty for contempt in this case is six months. At the time of sentencing, Sanders had been detained for three years and nine months, well beyond the eighteen-month maximum period of incarceration permitted for his crimes of conviction. Thus, the District Court erred by sentencing Sanders to four additional days of incarceration beyond time served,[4] and this error was "plain." See Olano, 507 U.S. at 734 (explaining that "'[p]lain' is synonymous with 'clear,' or equivalently, 'obvious'").[5]

Second, the error affected Sanders' substantial rights. An error affects substantial rights if it has "a prejudicial effect on the outcome of a judicial proceeding." Payano, 930 F.3d at 192 (quotations and citation omitted). Here, the District Court's error caused

---

[4] The Government concedes that this sentence "exceeded the allowable terms by four days." Appellee's Br. at 17.

[5] The PSR stated that the guideline range in this case was fifteen to eighteen months. Additionally, the District Court acknowledged at both the plea hearing and the sentencing hearing that it could not sentence Sanders to any term of incarceration beyond time served.

Sanders to serve more days in prison than permitted by the statutory penalties for his crimes of conviction.

Finally, the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 726. The integrity of judicial proceedings is affected when "courts refuse[] to correct obvious errors of their own devise that . . . require individuals to linger longer in federal prison than the law demands." Rosales-Mireles v. United States, 138 S. Ct. 1897, 1908 (2018)). That is what happened here. As a result, we will exercise our discretion to cure the plain error by vacating and remanding to the District Court for resentencing. The District Court is best suited to determine whether a reduction in Sanders' term of supervised release is warranted. See Payano, 930 F.3d at 199 (remanding where we could not discern whether the district court would have granted an upward variance absent the error in calculating the statutory maximum); see also United States v. Aguirre-Miron, 988 F.3d 683, 690 (3d Cir. 2021) (curing plain error by vacating and remanding for resentencing). We offer no views on that subject.

III

For the foregoing reasons, we will vacate the District Court's sentence and remand for resentencing.