**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2819
_____

LARRY L. FERGUSON,
                              Appellant

v.

WARDEN FAIRTON FCI

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-04579)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2018
Before:  RESTREPO and FUENTES, <u>Circuit Judges</u>

(Opinion filed: December 1, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.  The Honorable Joseph A. Greenaway, Jr. was a member of the merits panel.  Judge Greenaway, Jr. retired from the Court on June 15, 2023, and did not participate in the consideration of Appellee's motion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C § 46(d) and Third Circuit I.O.P. Chapter 12.

Larry L. Ferguson appeals from the District Court's order dismissing his habeas petition for lack of jurisdiction. The Government has filed a motion for summary affirmance of the District Court's order. For the reasons that follow, we grant the Government's motion.

Ferguson was convicted of several drug possession and conspiracy charges relating to his role in a drug-trafficking organization in the Pittsburgh area. At sentencing, the District Court found that he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense," and sentenced him to 360 months' imprisonment as a "career offender" under § 4B1.1(a) of the United States Sentencing Guidelines.[1] We affirmed. See United States v. Ferguson, 394 F. App'x 873, 888 (3d Cir. 2010) (not precedential). Ferguson's motion to vacate his sentence under 28 U.S.C. § 2255 and subsequent motion under § 2244 for leave to file a second or successive § 2255 motion failed.

Ferguson then filed a habeas petition under § 2241. He claimed that he is "innocent" of the career-offender designation because, under the Supreme Court's decision in Mathis v. United States, 579 U.S. 500 (2016), his prior drug and robbery convictions cannot serve as predicates for the § 4B1.1 enhancement. The District Court screened the petition pursuant to § 2243 and concluded that Ferguson could not raise his Mathis claim by way of § 2241. The District Court explained that a § 2255 motion is the

---

[1] The predicates for Ferguson's career offender enhancement were robbery under 18 Pa. Cons. Stat. § 3701(a)(1)(ii) and delivery of heroin under 35 Pa. Cons. Stat. § 78-113(a)(30).

presumptive vehicle for an inmate who seeks to collaterally attack his federal sentence, and that, while resort to § 2241 is allowed under the § 2255(e) saving clause when a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law, see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), Ferguson was not claiming that he is innocent of the crimes for which he was convicted. Rather, he claimed only that he is "innocent" of a sentencing enhancement. Accordingly, the District Court summarily dismissed the petition for lack of jurisdiction.

Ferguson appealed. We stayed the appeal in February 2019 pending our decisions in several cases that were expected to affect the outcome here. The Government now moves for summary affirmance of the District Court's order because, it argues, the Supreme Court's recent decision in Jones v. Hendrix, 599 U.S. 465 (2023), makes clear that the District Court correctly concluded that Ferguson's claim is not cognizable under § 2241. We hereby lift the stay and consider the Government's motion.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and our review is de novo.[2, 3] See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a District Court's judgment when no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[2] Ferguson was released from custody in January 2023. His release does not moot his petition because he is now serving an eight-year term of supervision. See United States v. Prophet, 989 F.3d 231, 235 (3d Cir. 2021).

[3] A certificate of appealability is not required for Ferguson to proceed with this appeal. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

We grant the Government's motion and will summarily affirm the District Court's order. As the District Court explained, a federal court may entertain a § 2241 petition in this context only if a § 2255 motion would be "inadequate or ineffective." See Cradle, 290 F.3d at 538. The Supreme Court's decision in Jones makes clear that the District Court did not err in determining that a § 2555 motion was not "inadequate or ineffective" here.

In Jones, the Supreme Court held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." 599 U.S. at 471. Instead, the "saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Id. at 478. In reaching this conclusion, the Court abrogated our decision in Dorsainvil and its counterparts in other circuits as allowing an improper "end-run around" § 2255(h)'s limitations. Id. at 477. The District Court correctly concluded that Ferguson may not challenge his sentencing enhancement through a § 2241 habeas petition.

For these reasons, the Government's motion for summary affirmance is granted. The order of the District Court will be affirmed.