**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-2391

———————

UNITED STATES OF AMERICA

v.

THOMAS GEORGE,
                              Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:19-cr-00220-001)
Chief U.S. District Judge: Honorable Mark R. Hornak

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 11, 2024

Before: KRAUSE, BIBAS, and MATEY, *Circuit Judges*

(Filed: September 9, 2024)

———————

OPINION[*]

———————

BIBAS, *Circuit Judge*.

Thomas George robbed a bank. He pleaded guilty to armed bank robbery under 18 U.S.C. § 2113(d). The government argued that he had used a real pistol. George insisted that it was a broken BB gun. The District Court found that the government had not met its

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

burden to prove that the gun was real, so it did not enhance his sentence six levels for using a firearm. U.S.S.G. § 2B3.1(b)(2)(B). But it did add a four-level enhancement for using a "dangerous weapon." § 2B3.1(b)(2)(D).

George appeals, arguing that a broken BB gun is not a "dangerous weapon." We review the District Court's reading of the Guideline de novo. *United States v. Banks*, 55 F.4th 246, 255 n.29 (3d Cir. 2022). Because George is still on supervised release and could get a credit against his term of supervised release if he prevails, this case is not moot. *United States v. Prophet*, 989 F.3d 231, 235–36 (3d Cir. 2021).

We recently considered and rejected the same argument in *United States v. Chandler*, 104 F.4th 445, 457 (3d Cir. 2024). *Chandler* is binding precedent and controls this case.[†] We will thus affirm.

---

[†]   Judges Bibas and Matey still think *Chandler* was mistaken. *Id.* at 461 (Bibas, J., dissenting); No. 22-1786, 2024 WL 3894339, at *1, *2 (Aug. 22, 2024) (Bibas & Matey, JJ., dissenting from denial of reh'g en banc).